UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACFONE WIRELESS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1771-B |
| | § | |
| FARSHID LOOCHAN a/k/a Farshid K. | § | |
| Loochan a/k/a Farshid Artajo a/ka Arth | § | |
| Farshi Loochan a/k/a Loochan Artajo, *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Sulaiman Thobani's Motion to Vacate Clerk's Entry of Default Judgment (doc. 26). After review of the motion and briefing, the Court **GRANTS** Defendant's Motion.

On December 16, 2007, Plaintiff served Thobani with the summons and complaint. His answer was due on January 5, 2008 but not filed. On February 13, 2008, the Clerk of the Court entered a default judgment against Thobani. On May 19, 2008, Thobani filed the instant motion to set aside the default judgment.

Federal Rule of Civil Procedure 55(c) permits the setting aside of a default judgment in accordance with Rule 60(b). Rule 60(b) recognizes, *inter alia*, "mistake, inadvertence, surprise or excusable neglect" as permissible grounds to move for such relief provided the motion is made within a reasonable time. Rule 60(b) is applied "equitably and liberally" to judgments of default because a trial on the merits is the favored means to resolve a legal action. *See Blios v. Friday*, 612 F.2d 938,

1

940 (5th Cir. 1980) (applying 60(b) to achieve substantial justice); *see, e.g., Azzopardi v. Ocean Drilling & Exploration, Co.*, 743 F.2d 890, 895-96 (5th Cir. 1984) (recognizing failure to answer was mistake on part of insurer and affirming order to set aside interlocutory default order). No injustice, however, may result from setting aside the default judgment. *Id.* Put another way, the question for the Court is whether good cause exists to set aside the default. *CJC Holdings, Inc. v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992).

A court should consider the following factors for a Rule 55(c) motion: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether defendant presents a meritorious defense. *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Plaintiff proffers credible evidence that Thobani's failure to answer was willful and argues that alone is sufficient to deny the motion. *See id.* at 184 ("[w]illful failure alone may constitute sufficient cause for the court to deny this motion").

The Court favors resolving actions on the merits. Thobani was a *pro se* defendant up until May 14, 2008. The Court therefore finds it reasonable that he believed that the action was directed against Defendant Loochan. *See, e.g., TXU Retirement Plan v. Helms*, 2002 WL 1477448, at *1 (N.D. Tex. Jul. 5, 2002) (finding movant's beliefs were reasonable). More importantly, Plaintiff has not articulated any undue prejudice or delay. Within days of retaining counsel, Thobani moved expeditiously to correct his failure to answer and appeared for his May 15th deposition. *Id.* (noting prompt filing avoided further delay). Nor does Plaintiff posit that Thobani has failed to raise a meritorious defense. *Compare id.* at *2-3 (denying motion to set aside based on Fifth Circuit not recognizing asserted defense promissory estoppel for ERISA cases). Accordingly, the Court finds Thobani's failure to answer is a product of excusable neglect. Plaintiff's Motion to Vacate Clerk's

Entry of Default Judgment is hereby GRANTED.

**SO ORDERED.**

**SIGNED June 30, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE